**Richard G. RHODES, Appellant,**

v.

**James E. LOCKWOOD, Personal Representative, Estate of William G. Riddle, Deceased, Respondent.**

**No. WD36233.**

Missouri Court of Appeals,
Western District.

May 28, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied July 30, 1985.

Richard N. Brown, Brown & Casey, Brookfield, for appellant.

James E. Lockwood, Kansas City, respondent pro se.

Before BERREY, DIXON and KENNEDY, JJ.

PER CURIAM:

Rhodes appeals from the probate court's dismissal of his claim against the Riddle Estate. He asserts the filing of his claim with the court without service or notice to the personal representative was not subject to being barred by § 473.433(1) RSMo 1978.[1] Affirmed.

The Riddle estate was opened on May 18, 1983. Rhodes filed his claim in the probate court on June 2, 1983, well within the six-month period prescribed by § 473.360 RSMo Cum.Supp.1983, but did not serve Lockwood, the personal representative of the estate, with a copy of the claim within that period. Lockwood was not notified, in any way, of the filing of the claim during the six-month period. Lockwood was finally notified by ordinary mail on January 10, 1984, 53 days after the six-month period had expired.

In dismissing the claim, the probate court noted that § 473.433(1) "effectively prohibits the *court* from *allowing* such a claim when it has not been timely served upon the personal representative." The claim was thus barred by the statute, which provides that

Prior to the expiration of six months after the date of the first publication of letters, no personal representative shall be compelled to pay any claim presented to him or filed with the court; provided, however, that subsequent to the expiration of the time specified in section 473.360, no personal representative shall pay any claim except costs and expenses of administration, unless, within the time specified in sections 473.360, 473.363, and 473.367, said claim *has been served upon the personal representative and has* either *been filed with the court* or ac-

knowledged by the personal representative in writing to be a just claim."
(*Emphasis added.*)

The statute clearly makes service of the claim on the personal representative within the six-month period a predicate to payment of the claim. Borron, *Independent Administration and Other Probate Matters Under the New Code,* 37 J.Mo.Bar 13, 32 (1981). Because the personal representative may not pay any claim not served on him during the six-month non-claim period, § 473.433(1), "the creditor could file his claim in the probate division within the non-claim period as required by section 473.360, but still could have his claim barred if he failed to serve the claim on the personal representative during the same period." Willman, *Recent Developments in Missouri: Probate Code-Claims,* 49 UMKC L.Rev. 534, 543 (1981).

Rhodes relies on *Hayes v. Cardwell,* 575 S.W.2d 816 (Mo.App.1978), for reversal, despite the non-compliance with the statutory requirement of service. This reliance is misplaced. First, in *Hayes,* although the service requirements of § 473.400 were not met, the personal representative had received copies of the claims as of the date of filing. Here, the personal representative was not served and it is conceded that he did not know of the claim. Second, the *Hayes* court expressly held that the personal representative had waived the service requirement and thus it did not reach the question of statutory compliance. *Id.* at 820. The administrator had not received copies and did not waive service in the instant case and *Hayes* does not apply.

Rhodes also argues that his duty merely extended to the filing of the claim with the probate court and that, pursuant to Supreme Court Rule 54.01, the clerk was required to have the sheriff accomplish service. Rule 54.01 does not apply to actions pending in the probate court. Rule 41.-01(a)(2). Rule 41.01(d) provides that process may be served by sheriffs and coroners and elisors appointed by the court, pursuant to Rule 54.03, as an alternative but not exclusive method of service.

1. All statutory references are to RSMo 1978 unless otherwise designated.

Much of the argument in the briefs is couched in terms of jurisdiction because the probate court in a concluding sentence of its order referred to being "without jurisdiction." However, this case does not raise a jurisdictional issue.

Clearly, the probate court has *in rem* jurisdiction of the probate estate from the filing of the application for letters testamentary or of administration. § 473.013 RSMo Cum.Supp.1983. It also exercises personal jurisdiction. *Novak v. Akers*, 669 S.W.2d 644, 648 (Mo.App.1984). The six-month, non-claim statute functions as a statute of limitations, which facilitates the quick and orderly disposition of decedents' estates. The issue is not one of jurisdiction. The probate court, having jurisdiction of the matter, can make a factual determination of whether a claim is barred by the non-claim statute, which, in this instance, it has done. No error appearing, the judgment of the probate court is affirmed.